NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK PARKS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MONMOUTH COUNTY JAIL, et al.,<br><br>　　　　Defendants. | Civ. No. 18-10163 (PGS-TJB)<br><br><br>MEMORANDUM |

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Derrick Parks' complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the following reasons, the Monmouth County Jail shall be dismissed from this action with prejudice, and Plaintiff's remaining federal claims shall be dismissed without prejudice.

**I.**

While Plaintiff, Derrick Parks, Jr., was in county custody at the Monmouth County Jail in May 2016, Plaintiff developed a benign tumor in his throat which began to impede his airway. (ECF No. 1 at 2). Upon the discovery of this tumor, medical staff at the jail determined that surgery was necessary, and the tumor was surgically removed on or around June 16, 2016. (*Id.* at 2-3). Plaintiff was told that the surgery had gone well and that there had been no complications. (*Id.* at 3). In August 2016, however, Plaintiff began to experience a leaking of fluids from his chin related to a plate that had apparently been placed there during Plaintiff's throat surgery. (*Id.* at 3-4). Plaintiff complained about this leaking, and while the jail initially

ignored the issue, Plaintiff eventually began receiving daily cleanings. (*Id.* at 3). Plaintiff was taken to see Defendant Dr. Shay who examined him and told him that "everything was fine." (*Id.* at 3-4).

In February 2017, Plaintiff was transferred to the Yardville Youth Correctional Facility.[1] In June 2017, Plaintiff was taken to University Hospital, where it was determined that the plate in his chin had become infected, resulting in Plaintiff losing several teeth. (*Id.* at 4). Although Plaintiff was initially told he would receive replacements through the UMDNJ Dental School, the New Jersey Department of Corrections would not allow UMDNJ to replace the teeth which were removed during the surgical procedure as he "did not lose enough teeth." (*Id.* at 4-5). Plaintiff contends in his complaint that the "negligence" of the staff of the Monmouth County Jail and the "negligent surgery" performed by the John and Jane Doe Defendants who performed his surgery caused him considerable pain, suffering, and embarrassment. (*Id.* at 5).

## II.

Because Plaintiff has been granted *in forma pauperis* status, and because Plaintiff is a state prisoner, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

---

[1] In his complaint, Plaintiff does not clearly identify whether he was a convicted prisoner throughout the period of his complaint, or if part of the period addressed in the complaint occurred while he remained in pre-trial detention. Publicly available state records, however, suggest that Plaintiff was convicted and sentenced in January 2017. Plaintiff's transfer thus appears to have been the result of his conviction. Because it is not clear what Plaintiff's conviction status was at the times relevant to Plaintiff's complaint, if Plaintiff chooses to file an amended complaint in this matter he should clarify when he became a convicted prisoner as that fact is relevant to a determination of Plaintiff's entitlement to relief.

[or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.

In his complaint Plaintiff asserts claims for denial of medical care pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). As Plaintiff asserts in his complaint that he is seeking relief for violations of his Eighth Amendment rights resulting from the allegedly inadequate medical care he received at Monmouth County Jail and later in state correctional facilities, this Court construes his complaint to be raising claims for deliberate indifference to his serious medical needs against Defendants the Monmouth County Jail, Dr. Shay, Rutgers University, and the John and Jane Doe medical defendants who performed his surgeries.

Initially, the Court finds that the Monmouth County Jail is not a proper Defendant in a federal civil rights action. Section 1983 claims may only be brought against "persons," and a New Jersey county jail is not a "person" amenable to suit under the statute as it is merely an arm

4

of the county which operates the jail. *See, e.g., Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). The correct Defendant in a § 1983 complaint would instead be the county itself. As Plaintiff's complaint does not appear to be asserting any viable claims against the County, and as the jail is not a proper Defendant, the Monmouth County Jail is dismissed from this matter with prejudice. *Id.*

In his remaining claims, Plaintiff seeks to hold Defendants liable for denying him proper medical care in violation of the Eighth Amendment.[2] Generally, a Plaintiff can make out an Eighth Amendment claim based on deficient medical care in a prison setting by pleading facts which, if proven, would show that the defendants were deliberately indifferent to his serious medical needs. *King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983)); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires both that the Plaintiff plead a sufficiently serious medical need, *King*, 302 F App'x at 97, and acts or omissions which indicate that the defendants were deliberately indifferent to that need – i.e. that the defendants acted with a reckless disregard for a substantial risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013). "Deliberate indifference requires more than inadequate medical attention or incomplete medical treatment," *King*, 302 F. App'x at 97, and a plaintiff pleading a claim for deliberate indifference must therefore plead something more than mere

---

[2] It appears that Plaintiff may have been a pre-trial detainee during the portion of the complaint time period in which he was housed in the county jail. Plaintiff, however, has not clarified at what point he became a convicted prisoner or if he may have been serving a separate sentence during the time he was in the county jail. Because the Fourteenth Amendment provides at least as much protection as does the Eighth Amendment, courts generally evaluate Fourteenth Amendment medical claims under the same standard as Eighth Amendment medical claims, however, and this Court's analysis would not change were Plaintiff's claims instead to be evaluated under the Fourteenth Amendment. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003); *see also Goode v. Giorla*, 643 F. App'x 127, 129 n. 3 (3d Cir. 2016).

negligence or medical malpractice to state a viable constitutional claim. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

In his complaint, Plaintiff clearly pleads an adequately serious medical need – the tumor and later infection, both of which required surgical intervention – but fails to plead facts which would permit an inference of deliberate indifference on the part of Defendants. Plaintiff repeatedly classifies the actions of Defendants as negligent and admits that he was receiving treatment – albeit less than he may have liked – throughout his current ordeal. Plaintiff's complaint thus provides allegations of medical negligence or malpractice, and thus fails to adequately plead that Defendants acted with deliberate indifference. *Id.* Plaintiff's remaining deliberate indifference claims must therefore be dismissed without prejudice for failure to state a claim for which relief may be granted.[3] Because this Court will dismiss all of Plaintiff's claims and dismisses all but Plaintiff's claims against the jail without prejudice, Plaintiff shall be granted leave to file an amended complaint within thirty days.

V.

For the reasons stated above, the Monmouth County Jail is dismissed from this action with prejudice, Plaintiff's remaining claims are dismissed without prejudice, and Plaintiff is granted leave to file an amended complaint within thirty days. An appropriate order follows.

DATED: 5/6/ , 2019

PETER G. SHERIDAN
United States District Judge

---

[3] In his complaint, Plaintiff does not appear to be raising a state law claim for medical malpractice. To the extent that Plaintiff intended to raise such a state law claim, this Court declines to exercise supplemental jurisdiction over that claim as all of Plaintiff's federal claims are dismissed. *See* 28 U.S.C. § 1367(c)(3). Plaintiff remains free to pursue a state law medical malpractice claim in state court.